UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

———

| | |
|---|---|
| DAVID E. LAKIE, JR., et al., ) | |
| ) | |
| Plaintiffs, ) | Case No. 1:10-cv-796 |
| ) | |
| v. ) | Honorable Paul L. Maloney |
| ) | |
| URBAN FINANCIAL GROUP, INC., ) | |
| ) | |
| Defendant and ) | |
| 3rd Pty Plaintiff, ) | **REPORT AND RECOMMENDATION** |
| ) | |
| v. ) | |
| ) | |
| FIRST FINANCIAL REVERSE ) | |
| MORTGAGES, KEVIN C. MOLDA, and ) | |
| SOURCE ONE APPRAISAL, ) | |
| ) | |
| 3rd Pty Defendants. ) | |
| _____) | |

This is a civil action arising from a reverse mortgage agreement between plaintiffs and defendant, concerning real property in Plainwell, Michigan. The case has suffered from more than the usual number of complications, principally owing to the withdrawal of plaintiffs' counsel because of a deterioration of the relationship between attorney and clients. The order granting leave to withdraw required plaintiffs David E. Lakie, Jr. and Jackie Lakie to notify the court within thirty days whether they have either retained substitute counsel or intend to proceed *pro se*. (Order, docket # 67). When the period for compliance by plaintiffs had expired without action on their part, the court issued an order to show cause dated August 1, 2011 (docket # 77), requiring plaintiffs to comply with the court's previous order no later than August 22, 2011, on pain of dismissal of the

case for lack of progress. On August 15, 2011, plaintiff David E. Lakie, Jr. filed a notice stating that he intends to prosecute the case on his own behalf. (docket # 84). The co-plaintiff, Jackie Lakie, has never complied with either of the court's orders.

Plaintiff Jackie Lakie has twice been ordered to file either an appearance of counsel or an indication that she will be proceeding *pro se*. The time for her compliance with the court's orders has expired without action by her of any kind. The notice filed and signed by plaintiff David E. Lakie, Jr. does not indicate that it is being filed on behalf of Jackie Lakie, nor could it. The law is well established that a *pro se* litigant may represent himself only and may not represent any other party. *See* 28 U.S.C. § 1654. This statute requires that a party appear either through counsel or *in pro per*. There is no ability in the federal courts for one *pro se* litigant to represent another. *See Shepherd v. Wellman*, 313 F.3d 963, 970-71 (6th Cir. 2002).

As the record now stands, plaintiff Jackie Lakie has failed to comply with two court orders or to in any other way inform the court of her plans for prosecuting this case. This failure has already delayed the case without justification and threatens to obstruct the progress of the case in the future. A court cannot adjudicate a case when one of the litigants refuses to communicate with the court or abide by its orders. As plaintiff Jackie Lakie has failed to comply in any way with this court's order to show cause why this case should not be dismissed for lack of prosecution (Order, docket # 77), her claims are subject to dismissal under W.D. Mich. LCivR 41.1.

**Recommended Disposition**

For the foregoing reasons, I recommend that the claims of plaintiff Jackie Lakie be dismissed without prejudice for lack of prosecution.


Dated:   September 22, 2011            /s/  Joseph G. Scoville
                                       United States Magistrate Judge


**NOTICE TO PARTIES**

Any objections to this Report and Recommendation must be filed and served within fourteen days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. MICH. LCIVR 72.3(b). Failure to file timely and specific objections may constitute a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Branch*, 537 F.3d 582, 587 (6th Cir.), *cert. denied*, 129 S. Ct. 752 (2008); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006). General objections do not suffice. *Spencer v. Bouchard*, 449 F.3d 721, 724-25 (6th Cir. 2006); *see Frontier*, 454 F.3d at 596-97; *McClanahan v. Comm'r of Social Security*, 474 F.3d 830, 837 (6th Cir. 2006).